(93 South. 268)

## DORSEY v. STATE.   (5 Div. 402.)

(Court of Appeals of Alabama.   May 9, 1922.)

Criminal law ⚖══1144(4)—Ruling on demurrer to plea presumed to be correct, where demurrer did not appear in record.

Where the state's demurrer to defendant's plea of autrefois acquit did not appear in the record, it will be presumed on appeal that the ruling of the lower court thereon was correct.

Appeal from Circuit Court, Elmore County; B. K. McMorris, Judge.

Jim Dorsey was convicted of selling, keeping for sale, giving away, or having in his possession spirituous, vinous, malt, or alcoholic liquors, and he appeals. Affirmed.

Holley & Milner, of Wetumpka, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J.   From a conviction in the county court, charging him with selling, keeping for sale, giving away, or having in his possession spirituous, vinous, malt, or alcoholic liquors, the appellant appealed to the circuit court, where under a complaint charging a like offense he was again convicted.

In the circuit court the appellant filed a plea of autrefois acquit, and the judgment entry recites that the state's demurrer to this plea was sustained. The demurrer, however, nowhere appears in the record, and the presumption will be indulged that the ruling of the court thereon is correct.

There is no bill of exceptions in the record, and the time for having one signed has expired. We find no error in the record, and the judgment appealed from is affirmed.

Affirmed.